## CONVERSE and others *v.* DIMOCK and others.

*(Circuit Court, S. D. New York. December 13, 1884.)*

CORPORATION—ELECTION OF DIRECTORS—MISMANAGEMENT—RIGHTS OF STOCK-HOLDERS.

Where a corporation, by contract not impeached, acquires a majority of the capital stock of another corporation, and through the control thus acquired elects new directors, and the latter corporation fails to fulfill its part of the contract, the stockholders of the former company, on the sole ground that the acts of such directors are highly detrimental to the property and interests of the company, will not be entitled to an injunction against their further acting as directors and officers, and the appointment of a receiver of the property.

In Equity.

*Marsh, Wilson & Wallis*, for complainants.

*Simpson & Werner*, for defendants Bankers' & Merchants' Telegraph Co., and Newcombe & Smith, as receivers.

*Geo. Putnam Smith*, for defendants Dimock and others.

*Henry C. Andrews*, for defendant Robeson.

WHEELER, J. The bill is the foundation of all the proceedings in the case, and no relief can properly be granted, either temporary or final, beyond what the allegations of the bill will warrant. According to the bill, the defendant the Bankers' & Merchants' Telegraph Company, by contract not impeached, acquired a majority of the capital stock of the defendant the American Rapid Telegraph Company, and through this control the other defendants have been elected directors and officers of the Rapid Company, and the Bankers' & Merchants' Company has not fulfilled its part of the contract by which the stock was acquired. Various acts and omissions of the defendants who are directors and officers of the Rapid Company are set forth as being highly detrimental to the property and interests of that company, and an injunction against their further acting as directors and officers, and a receiver of the property, are asked pending the

litigation. The lawfulness of the election of the directors and officers is not denied; for aught that appears, the orators and all the other stockholders voted for them. The substance of the claim made is that they are managing the affairs of the company contrary to its interests, and that the orators, as stockholders, have the right to have the management taken by the court, through a receiver, out of their hands, and his management secured from their interference by injunction against them. The bill in no manner states or shows that the orators, or any of them, have in any manner requested these defendants to take any different course from what they have taken in any of the respects complained of. They allege that it would do no good to make such request under the circumstances; but this is merely their judgment—the fact might be otherwise. They have a voice within the corporation, and they are not oppressed until they have exercised it and failed to produce correct results. The acts and omissions of the directors which are complained of are in their nature administrative, requiring the exercise of discretion and judgment; such as not bringing some suits and proceedings, and not defending others; not insisting upon the use of the corporate name in its business, and not proceeding to recover corporate property; incurring corporate liabilities, and giving corporate obligations. The orators are not proceeding at all upon any rights as creditors, neither is actual insolvency alleged; neither have they asked upon this motion to have suits restrained, or the incurring or giving obligations, or any particular disposition of property, prevented. They ask to have the administration of the affairs of the corporation taken by the court, and those defendants restrained from acting in the performance of the functions of their offices until new officers and management are instituted. This course would seem to be directly contrary to the decisions of the supreme court in *Dimpfell* v. *Ohio & M. Ry. Co.* 110 U. S. 209; S. C. 3 Sup. Ct. Rep. 573; and *Hawes* v. *Oakland*, 104 U. S. 450. The stockholders seem to have no right on which to rest an application to the courts to take or control the management of the corporate affairs until their efforts within the corporation are overborne, and their interests are thereupon betrayed or jeopardized. All that is lacking here. These stockholders have merely observed what is going on, and, without trying to prevent it as stockholders, apply to the court for its control. They do not appear to be entitled to this relief in this summary manner.

The motion for a receiver, and an injunction against the directors and officers, is denied.